# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARISOL FLORES, | ) 1:10cv02004 DLB |
| | ) |
| | ) |
| | ) ORDER DISMISSING ACTION |
| Plaintiff, | ) WITHOUT PREJUDICE |
| | ) |
| v. | ) |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

On October 22, 2010, Plaintiff filed the present action for judicial review of the denial of Social Security benefits. On June 2, 2011, the Court granted attorney Lawrence D. Rohlfing's Motion to Withdraw as Attorney of Record for Plaintiff and substituted Plaintiff pro se. The dates in the Scheduling Order were extended 45 days. Plaintiff's opening brief was to be filed on or before July 21, 2011.

Plaintiff failed to file her opening brief. On August 8, 2011, the Court issued an Order to Show Cause why the action should not be dismissed for failure to comply with the Court's Scheduling Order and the Court's June 2, 2011, order. The Court attempted service on Plaintiff twice, but the order was returned both times by the United States Postal Service as undeliverable.

On September 2, 2011, the Court issued a second Order to Show Cause. In an attempt to correct any address issues, the Court ordered the Clerk to serve Plaintiff at another possible address.[1]

On September 13, 2011, the Order to Show Cause was returned by the United States Postal Service as "Undeliverable, Unable to Forward."

## DISCUSSION

Pursuant to Local Rule 183(b), a party appearing in propria persona is required to keep the Court apprised of his or her current address at all times. Local Rule 183(b) provides, in pertinent part:

> If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

In the instant case, sixty days have passed since Plaintiff's mail was returned and she has not notified the Court of a current address.

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal, as this case

---

[1] The Court noted that upon review of the Motion to Withdraw, it appeared that her attorney may have provided an incorrect street name. He listed Plaintiff's address as 605 N. *Popular* Avenue, Fresno, California, 93728. It is likely that the address is 605 N. *Poplar* Avenue, Fresno, California, 93728.

For an unknown reason, the docket reflects an address of *6052* N. Popular Avenue, Fresno, California, 93728. Re-service was also attempted at this address and failed as "undeliverable, return to sender, insufficient address, unable to forward."

1  has been pending since October 22, 2010, and Plaintiff has failed to prosecute the action since
2  her attorney's withdrawal in May 2011.
3      The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a
4  presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.
5  Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy
6  favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of
7  dismissal discussed herein.
8      Finally, given the Court's inability to communicate with Plaintiff based on her failure to
9  keep the Court apprised of her current address, no lesser sanction is feasible.  The Court has
10 attempted numerous times to contact Plaintiff at different addresses.
11     Therefore, this action is DISMISSED WITHOUT PREJUDICE based on Plaintiff's
12 failure to prosecute the action.
13     This terminates this action in its entirety.

15     IT IS SO ORDERED.
16    Dated:   **November 30, 2011**                    **/s/ Dennis L. Beck**
                                                  UNITED STATES MAGISTRATE JUDGE